IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| **ERIC BALADEZ, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | No. 1:17-CV-0194-C-BL |
| | § | |
| **GENERAL MOTORS, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

The District Judge referred this matter for hearing and recommendation regarding whether a proposed settlement concerning the two minor plaintiffs should be approved by the Court. *See* Order Setting Hearing (doc. 19); Order (doc. 22).

## I.  BACKGROUND

Plaintiffs Eric Baladez and Priscilla Baladez commenced this personal injury action against General Motors, LLC in December 2017 for alleged injuries sustained to Eric Baladez during a roll-over accident. In August 2018, Plaintiffs filed an amended complaint naming their two minor daughters as plaintiffs asserting claims for loss of consortium and mental anguish. This case proceeds under diversity jurisdiction.

About a week after the filing of the amended complaint, Plaintiffs filed an unopposed motion for appointment of a guardian ad litem to protect the interests of the minor plaintiffs by reviewing the terms of a proposed settlement and approving the settlement if the terms are acceptable for the minors. They also requested to allow the guardian a reasonable fee to be taxed against Defendant as part of the costs. The Court granted the motion and appointed a guardian ad litem. A month later it set a hearing for December 13, 2018, to approve the settlement for the minors.

On December 7, 2018, the District Judge referred the hearing to the undersigned for a recommendation. On December 13, 2018, the Court conducted a hearing on the matter. Attorneys for each party appeared, as did Plaintiff Priscilla Baladez acting as next friend for her minor daughters ("EHB" and "CGB"), and the guardian ad litem appointed to represent the interests of the minors. The parties tendered the confidential settlement agreement to the Court for in camera review. Counsel and the guardian ad litem stated their consistent views on the proposed settlement and Ms. Baladez testified under oath that the settlement has been entered into voluntarily and with full understanding of its terms. She also stated her agreement with the views of counsel and the guardian ad litem that the settlement is in the best interests of her daughters.

## II. ANALYSIS

"A federal court sitting in diversity is required to apply state substantive law and federal procedural law." *Burke v. Smith*, 252 F.3d 1260, 1265 (11th Cir. 2001) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). While it is firmly established that "[t]he appointment of a guardian ad litem is a procedural question controlled by Rule 17(c) of the Federal Rules of Civil Procedure," *Roberts v. Ohio Cas. Ins. Co.*, 256 F.2d 35, 38 (5th Cir. 1958), state law requiring a hearing may qualify as state substantive law that the federal courts must apply, *see Burke*, 252 F.3d at 1265-66 (finding that an Alabama law requiring a fairness hearing applied because (1) Rule 17(c) does not conflict with that law and (2) a failure to apply the law would result in an inequitable administration of the laws). Recognizing that whether to classify law as substantive or procedural "is sometimes a challenging endeavor," *Burke* applied a two-part test to determine whether the law before it qualified as substantive. *See id.* (quoting *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 416 (1996) and applying two-part test set out in *Hanna v. Plumer*, 380 U.S. 460 (1965)).

2

"In Texas, the rights and interest of a minor in a legal proceeding are safeguarded by Rule 44 and Rule 173 of the Texas Rules of Civil Procedure." *Webb v. Paccar Leasing Co.*, No. 4:09-CV-211, 2009 WL 1703207, at *1 (E.D. Tex. June 18, 2009) (recommendation of Mag. J.) *adopted by* 2009 WL 1812446 (E.D. Tex. June 23, 2009). Rule 44(2) provides: "Such next of friend or his attorney of record may with the approval of the court compromise suits and agree to judgments, and such judgments, agreements and compromises, when approved by the court, shall be forever binding and conclusive upon the party plaintiff in such suit." Under Texas Rule 44 in cases with a settlement involving a minor litigant, "even if the parties and court-appointed ad litem agree to the settlement, a judgment ratifying the compromise cannot be rendered without a hearing and evidence that the settlement serves the minor's best interest." *Byrd v. Woodruff*, 891 S.W.2d 689, 705 (Tex. App. 1994, writ denied, dismissed by agreement, and withdrawn). As was the case in *Burke*, Rule 17(c) does not conflict with Texas law and failing to apply Texas law would result in inequitable administration of the laws. Therefore, the Court should consider the Texas law as substantive and apply it as requiring a hearing and court approval of the settlement with the minors.

The overarching issue when considering a settlement involving minor plaintiffs is whether the settlement is in the best interests of the minors in light of the particular facts of the case. The amount distributed to each minor must be fair and reasonable. In addition, "[r]egardless of any fee agreement, as the protector of the minor's interests, the court must independently investigate the fee to be charged to ensure that it is fair and reasonable." *Nice v. Centennial Area Sch. Dist.*, 98 F. Supp. 2d 665, 670 (E.D. Pa. 2000). Furthermore, because "the parties and counsel are typically in the best position to evaluate the settlement; their judgments are entitled to considerable weight." *Chambers v. Hiller*, No. CIV.A. 88-3128, 1988 WL 130679, at *2 (E.D. Pa. Dec. 2, 1988).

In this case, no one has disputed the fairness or reasonableness of any attorney fees or the amount to be disbursed to the minor plaintiffs. The biological mother of the minor plaintiffs testified that the settlement is in their best interests. The guardian ad litem agreed that the settlement is in their best interests and stated that requested attorney fees are fair and reasonable. He approves the settlement of this action as in the best interests of the minors.

After reviewing the settlement agreement in camera; considering the law, testimony of Ms. Baladez and statements of counsel and the guardian ad litem; and recognizing that no one objects to the settlement, it is hereby **RECOMMENDED** that, with respect to the provisions regarding the minor plaintiffs, the Court approve the settlement agreement as fair, appropriate, and in their best interests under the circumstances of this case. It is further **RECOMMENDED** that the Court discharge the guardian ad litem of all further responsibilities in this matter and tax his fee ($6,247.95) as costs against Defendant. As stated on the record, counsel for Plaintiffs shall reimburse Defendant for $1,247.95 of those fees to be payable from their attorney fees and not from any amounts to be disbursed to the minor plaintiffs. If the parties have not already done so, they shall submit a copy of the settlement agreement to the District Judge for his in camera review.

A copy of these Findings, Conclusions, and Recommendation shall be served on all parties and the guardian ad litem in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's recommendation where the disputed determination is found. An objection that merely incorporates by reference

or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED this 18th day of December, 2018.**

_____
**E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE**